| | |
|---|---|
| George Haines, Esq.<br>Nevada Bar No. 9411<br>David Krieger, Esq.<br>Nevada Bar No. 9086<br>HAINES & KRIEGER, LLC<br>1020 Garces Ave.<br>Las Vegas, NV 89101<br>Phone: (702) 880-5554<br>FAX: (702) 385-5518<br>Email: info@hainesandkrieger.com<br>Attorney for Mariel B. Labrado | E-FILED: September 15, 2009 |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In Re:<br><br>**Mariel B. Labrado**,<br><br>Debtor(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. BKS-09-19729-BAM<br>Chapter 13<br><br>Hearing Date:  September 29, 2009<br>Hearing Time: 1:30 PM |

### DEBTOR'S OPPOSITION TO MOTION FOR
### RELIEF FROM AUTOMATIC STAY AND/OR REQUEST FOR RENOTICING UNDER NRS 107.080 (AS REQUIRED UNDER NEVADA ASSEMBLY BILL 149 EFFECTIVE JULY 1, 2009)

COMES NOW, Mariel B. Labrado, by and through attorney, David Krieger, Esq., of the LAW OFFICES OF HAINES & KRIEGER, LLC, and in response to **WELLS FARGO BANK, N.A.'s** ("Creditor") Motion For Relief From Automatic Stay states as follows:

1. On June 09, 2009, Debtor filed the current Chapter 13 Petition in Bankruptcy with the Court.

2. On or about September 02, 2009, Creditor filed a Motion for Relief from the Automatic Stay.

3. Debtor's mortgage payments are to be made by the Trustee out of the Debtor's monthly Chapter 13 Plan Payment (see *Debtor's Chapter 13 Plan*, attached hereto as Exhibit "1").

4. Debtor's plan includes two (2) post-petition payments which are spread over the life of the Debtor's Chapter 13 Plan.

5. Further, the underlying property is integral to the Debtor's Chapter 13 Plan and is necessary to effect a reorganization.

6. Accordingly, no cause exists under 11 U.S.C. Section 362(d) to lift the automatic stay.

7. Alternatively, the Court should either dismiss Creditor's motion or continue the instant motion for a sufficient time to allow Debtor to be confirmed.

8. In the event this Court is inclined to grant secured creditor's request for relief from the automatic stay, the Debtor requests that Your Honor require Secured Creditor to renotice any pending foreclosure action under NRS 107.080 (as revised by Nevada Assembly Bill 149, effective July 1, 2009) by this Creditor to the extent applicable.

9. Pursuant to NRS 107.082 if a foreclosure "sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080." NRS 107.080 (as revised by Nevada Assembly Bill 149 effective July 1, 2009) requires Secured Creditor to provide Debtor a notice of election to enter into court mandated mediation.

- 3 -

WHEREFORE, Debtor requests:

1. WELLS FARGO BANK, N.A.'s Motion be denied or, in the alternative, that Creditor's motion be continued for a sufficient amount of time for Debtor's plan to be confirmed; and/or

2. In the event Your Honor grants relief from stay, that Secured Creditor be required to renotice its foreclosure proceeding pursuant to Revised NRS 107.080 (as effective through Nevada AB 149, July 1, 2009), thus providing the Debtor an opportunity to elect court mandated mediation in State Court.

3. Such other relief as the Court finds appropriate.

Dated: September 15, 2009

/s/ David Krieger, Esq.
**Attorney for Debtor(s)**

### CERTIFICATE OF MAILING RE: DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

I hereby certify that on September 15, 2009, I mailed a true and correct copy, first class mail, postage prepaid, of the above listed document to the following:

/s/David Krieger, Esq.
Attorney for Debtor

Gregory Wilde
208 S. Jones Blvd
Las Vegas, NV 89107

- 3 -